# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## SELINA BARTLETT, Respondent, v. JOSEPH MUSLINER AND Others, Appellants.

*Evidence — general reputation of a person's being unmarried is not admissible to disprove his marriage — Dower — a grantee of the husband cannot set up a mortgage which was a lien upon the premises at the time of the marriage, against the widow's claim for dower.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee, and from an order confirming the report of a referee.

This action was brought to recover dower in the property known as No. 106 Gold street, in the city of New York. It has been twice tried. On the first trial the jury disagreed, and on the second, a verdict was rendered for the plaintiff on the issue of marriage. Subsequently the case was sent to a referee to report what was the proper dower for the plaintiff, and to take an account of the rents and profits of the property for the six years preceding.

It appeared from the report, that on the 14th day of May, 1875, the plaintiff, in due form of law, made demand of her dower, in the lands and premises described in the complaint, of defendants. That at the time of plaintiff's marriage to Caleb Bartlett, who was then seized of the premises, there was a mortgage thereon dated 25th August, 1856, and duly recorded, of $10,000, from said Bartlett to Caroline A. Wyeth; that on the 28th of May, 1858, said Bartlett conveyed the premises to James H. Francis for the consideration of $14,000; that Francis assumed the payment of the mortgage, and this was taken as part of the purchase-money, and that said mortgage was canceled of record in November, 1859; that Francis conveyed the premises to Lawrence Schultz, who con-

veyed the same to Frederick Fink; that in April, 1864, Fink conveyed to Isaac Hochster for $12,000, and that in the summer of 1868, said Hochster conveyed the premises, by a warranty deed, to the defendants, and was paid by them as the price thereof $30,000, and at the same time he orally promised the defendants the good will of the business.

The referee adjudged and determined that the mortgage aforesaid from Caleb Bartlett to Caroline A. Wyeth in no way affected the plaintiff's right of dower as against defendants, as they were estopped by claiming through the said Caleb Bartlett, the husband, or his asssignee, from calling in question the plaintiff's right of dower in the premises.

The court at General Term said: "Another exception taken during the trial and presented for consideration, was the ruling of the court upon this question: 'State what was Bartlett's reputation as to his being a married man?' The object of this question was to prove a negative, and on the part of the appellant it is asked, in the brief, if general reputation as to marriage is admissible, why not general reputation as to being unmarried? It is true that marriage may be presumed from the general reputation of the parties as husband and wife in connection with other facts and circumstances. (*Brinkley v. Brinkley*, 50 N. Y., 192, and cases there cited.)

But the negative proof of this fact, namely, that by general reputation there was no marriage sought to be established in the manner adopted by the defendants, is unprecedented, which is a sufficient answer to it.

The chief point in the case, as stated on the appellant's brief, is whether the plaintiff was entitled to dower in anything more than the equity of redemption at the time of the alienation by her husband, who conveyed the property subject to a mortgage of $10,000. The report of the referee shows that the defendants do not claim under the mortgage, but by a chain of title from Francis, to whom the plaintiff's husband conveyed the premises, and by whom the mortgage was not only assumed, but paid, as shown by the fact that the conveyance to Francis is dated on the 28th of May, 1858; the conveyance by him to Schultz bears date March 18, 1861, and the mortgage discharged and canceled of record in November, 1859.

The statute provides that where a person seized of an inheritance

in land shall have executed a mortgage of such estate before marriage, his widow shall nevertheless be entitled to dower out of the land mortgaged as against any person except the mortgagee and those claiming under him. (2 R. S. [Banks' 6th ed.], 1121.) It will have been perceived that the mortgage herein was executed prior to the marriage. Notwithstanding this provision of the statute which seems to admit of no doubt of the plaintiff's right to recover, the appellants are understood — although it is not very distinctly asserted in the briefs — to claim that the mortgage having been paid off by Francis, and the defendants claiming under Francis as subsequent grantors, have the right to be subrogated to the rights of the mortgagee and the amount of the mortgage deducted from the value of the property. This is substantially the language of the proposition as presented for consideration. All the adjudications, however, in this State, affecting the question, are to the contrary.

In the case of *Van Dyne* v. *Thayre* (19 Wend., 162) it was said by COWEN, J.: " There can be no doubt that a conveyance in any form of the husband's equity of redemption, though it arose upon a mortgage given by him before coverture, would be altogether ineffectual as a bar of dower when set up by his mere assignee against his widow. As between the widow and assignee the equity of redemption would be looked upon as a legal estate. Being disconnected with the title of the mortgagee he shall never, in answer to a claim of dower, be allowed to set up the mortgage as an outstanding title. As a defendant, claiming under the husband by a conveyance subsequent to the coverture, he stands absolutely estopped to deny the paramount right of the widow. In short the mortgage is for all purposes of defense to him a nonentity."

In *Jackson* v. *Dewitt* (6 Cow., 316) the rule is clearly stated which governs claims kindred to those urged in this case. WOODWORTH, J., referring to the cases of *Hitchcock* v. *Harrington* (6 John., 290), and *Collins* v. *Torry* (7 id., 278), says, that they decide that the widow may recover her dower out of the land mortgaged against the tenant deriving title by mesne conveyance from the husband; that the tenant cannot deny the seizin of the husband, nor set up the mortgage as a subsisting title, when there has been no foreclosure or entry by the mortgagee. And this result is

in harmony with the doctrines declared in the case in 19 Wendell (*supra*).

In *Runyon* v. *Stewart* (13 Barb., 537) it was expressly held that a mortgage given by a husband and wife to secure the purchase-money of the mortgaged premises could not, after having been satisfied and discharged of record, be set up by the assignee of the husband as a bar to his widow's right of dower. It was also said in that case that there could be no doubt that the husband of the plaintiff acquired an estate in fee by the deed which he received from his mortgagee, subject to be defeated by the mortgage to the latter, which mortgage, at law as well as in equity, was a security merely, the mortgagee having but a chattel interest, the freehold being in the mortgagor.

This doctrine has been sustained by the recent case of *The Trustees of Union College* v. *Wheeler* (61 N. Y., 118), in which it is said that the mortgagor, both in law and equity, is regarded as the owner of the fee and the mortgage is a mere chose in action, a security of a personal nature, an assignment of which could not pass the title. Where the party is in possession under a foreclosure of a mortgage, the rule is different, as it must be under the statute, the object of the foreclosure being to protect and complete the title of the mortgagee under the mortgage; for the mortgage, while a mere lien, is still such a one that a foreclosure ripens it into a title, extinguishing that of the mortgagor. And that is the case not only in favor of the mortgagee, but also of the purchaser at the foreclosure sale, and of all persons afterward claiming under him. (*Smith* v. *Gardner, per* DANIELS, J., 42 Barb., 365.)

It should be borne in mind not only that Francis, through whom the defendants derive title, was not a mortgagee, but a vendee deriving title from the plaintiff's husband, assuming the payment of the mortgage which he subsequently discharged, and that he occupied the position really of one paying cash for the property described in the deed to him from the plaintiff's husband. He took possession under his deed and the obligations which he assumed by it, and not under the mortgage which he had assumed to pay as a part of the consideration and which he did pay. He, therefore, took the title subject to the superior rights of the plaintiff who did not join in the conveyance. She was clearly entitled, at the death of her hus-

band, to be endowed of the land which he conveyed during coverture, to the extent of one-third of the value at the time of the alienation. Such was the rule before the Revised Statutes. (*Marble* v. *Lewis*, 36 How. Pr., 337, and cases cited.)

The appellant in this case predicates all the propositions in antagonism to those herein expressed, upon the assumed fact that the defendants held under the mortgage. If his position were correct, the plaintiff could not recover. (*Van Dyne* v. *Thayre*; *Van Dyne* v. *Sairs*; *Jackson* v. *Dewitt, supra*; *Denton* v. *Nanny*, 8 Barb., 618; *De Lisle* v. *Herbs*, 25 Hun, 485.) This is, as we have seen, an erroneous view of the relations between the parties. The defendants can derive no benefit from the fact that the mortgage was paid by Bartlett's grantee. He was not the mortgagee of Bartlett and was not in any way connected with the mortgagee, except as a debtor having assumed its payment. The rule governing actions kindred to this, eliminated by the cases cited, is this, namely: the widow of one seized of lands conveyed during coverture is entitled to dower in them, if she did not join in the conveyance; unless the persons holding the title took or acquired possession after forfeiture thereof, under a mortgage.

The chief question in this case, therefore, must be decided against the appellant, and the report of the referee sustained in so far as it rejects the proposition that the amount of the mortgage should be deducted from the value of the land."

*John T. Cornell* and *John McKeon*, for the appellants.

*William A. Copp* and *Ira Shafer*, for the respondent.

Opinion by BRADY, P. J.; DANIELS and BARKER, JJ., concurred.

Judgment modified as directed in opinion, and affirmed as modified, without costs to either party.